UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER PARHAM,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL L. BENOV,<br><br>    Defendant. | Case No.: 1:11-cv-00365-LJO- JLT<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS PETITION (Doc. 11)<br><br>ORDER REQUIRING OBJECTIONS TO BE FILED WITHIN TWENTY DAYS |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**PROCEDURAL HISTORY**

The instant petition was filed on March 3, 2011. (Doc. 1). It alleges that, while incarcerated at the Taft Correctional Institution, Taft, California, Petitioner was denied "appropriate and effective medication" to treat a fungal infection of his foot. (Id., p. 3). On April 18, 2011, the Court ordered Respondent to file a response to the petition (Doc. 5), and on June 17, 2011, Respondent filed an Answer to the merits of the petition. (Doc. 10). On February 28, 2012, Respondent filed a motion to dismiss the petition as moot, contending that, because Petitioner has now been transferred to a residential re-entry center, he has been "released," and therefore Petitioner's habeas claim is now

1

moot. (Doc. 11). Petitioner has filed no opposition to the motion to dismiss. For the reasons set forth below, the Court recommends that Respondent's motion to dismiss be granted.

## JURISDICTION

Relief by way of a writ of habeas corpus extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. While a federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a petition for writ of habeas corpus under 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. See, e.g., United States v. Giddings, 740 F.2d 770, 772 (9th Cir.1984); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990). To receive relief under 28 U.S.C. § 2241 a petitioner in federal custody must show that his sentence is being executed in an illegal, but not necessarily unconstitutional, manor. See, e.g., Clark v. Floyd, 80 F.3d 371, 372, 374 (9th Cir. 1995) (contending time spent in state custody should be credited toward federal custody); Jalili, 925 F.2d at 893-94 (asserting petitioner should be housed at a community treatment center); Barden, 921 F.2d at 479 (arguing Bureau of Prisons erred in determining whether petitioner could receive credit for time spent in state custody); Brown, 610 F.2d at 677 (challenging content of inaccurate pre-sentence report used to deny parole).

Here, Petitioner is challenging the medical treatment received at Taft Correctional Institution. Thus, he is challenging the execution of his sentence, which is maintainable only in a habeas corpus proceeding. Tucker v. Carlson, 925 F.2d 330, 331 (9th Cir. 1990). Furthermore, because Petitioner is challenging the execution of his sentence at Taft Correctional Institution ("TCI"), and TCI is within the Easter District of California, Fresno Division, this Court has jurisdiction over the petition. See Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

## FACTUAL HISTORY

At the time of filing of the petition, Petitioner was in the custody of the BOP serving a 120 month prison sentence at the Taft Correction Institution ("TCI"), in Taft, California, for a 2004 conviction in the United States District Court for the Eastern District of Virginia for violations of 18 U.S.C. § 846, conspiracy to distribute cocaine, and 18 U.S.C. § 924(c), possession of a firearm in the

commission of a drug crime. (Doc. 1, p. 2). On January 30, 2012, Petitioner was transferred from TCI to a residential re-entry center in Virginia. (Doc. 11, p. 4).

On June 10, 2010, Petitioner sought medical treatment for a fungal infection in his foot. (Doc. 10, Ex. A). Petitioner returned on January 4, 2011, complaining of the same medical problem and was asked to return on January 11. (Id., Ex. C). On January 11, 2011, Petitioner was diagnosed with a fungal toenail infection, and was prescribed, inter alia, a disinfecting foot soak. (Id., Ex. D). Petitioner declined this treatment and requested Fluconazole, an antifungal pill. (Id., Ex. E). The nurse refused to prescribe the requested treatment, noting that, as per the BOP's National Formulary, Fluconazole is only approved for diabetic patients suffering from a toenail fungus, and Petitioner was not a diabetic. (Id., Ex. D). Petitioner refused the proffered treatment, and, after exhausting his administrative remedies, filed the instant federal petition. In his Petition, Petitioner makes no claim that the disinfecting wash prescribed by Respondent's agents was either ineffective or inadequate to treat his medical condition. Rather, he argues only that the remedy provided was not what he had requested.

## **DISCUSSION**

### A. Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Ninth Circuit has allowed Respondent's to file a Motion to Dismiss in lieu of an Answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a Respondent can file a Motion to Dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss contends that no case or controversy exists, and thus the petition is moot, because Petitioner has been "released" from TCI to a residential re-entry center ("RRC") in another state. Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B. Respondent's Motion to Dismiss.

Respondent's argument for dismissing the petition is that it has become moot in light of Petitioner's transfer by BOP to a residential re-entry facility in another state. In support of this position, Respondent cites numerous authorities for the proposition that a habeas petition raising only injunctive relief becomes moot when the petitioner is transferred to another facility. (Doc. 11, pp. 2-3). The Court agrees with Respondent.

The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases. Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 104 S.Ct. 373, 374-75 (1983); N.A.A.C.P., Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984). A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481 (1982). The Federal Court is "without power to decide questions that cannot affect the rights of the litigants before them." North Carolina v. Rice, 404 U.S. 244, 246 (1971) *per curiam*, *quoting* Aetna Life Ins. Co. v. Hayworth, 300 U.S. 227, 240-241 (1937).

In the context of a petitioner's request for injunctive relief, a prisoner's transfer away from the institution at which the challenged conduct is occurring will generally moot any claims for injunctive relief relating to the prison's policies, unless the suit is certified as a class action. Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995)(when an inmate seeks injunctive or declaratory relief concerning the prison where he is incarcerated, his claim for such relief becomes moot when he is no longer subjected to those conditions); see also Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001); Johnson Moore, 948 F.2d 517, 519 (9th Cir. 1991). The claim is not moot, however, if there is a likelihood of recurrence. Demery v. Arpaio, 378 F.3d 1020, 1026 (9th Cir. 2004). The capable-of-repetition-yet-evading-review exception to the mootness doctrine applies when (1) the duration of the challenged action is too short

1  to be litigated prior to cessation, and (2) there is a reasonable expectation that the same party will be
2  subjected to the same offending conduct. Demery, 378 F.3d at 1026.

3  Here, although Petitioner does not expressly state his desired remedy, even a cursory reading
4  of his brief claim leaves little doubt that Petitioner is requesting injunctive relief, i.e., an order from
5  this Court directing Respondent to provide the medication Petitioner desires, i.e., Fluconazole, rather
6  than the disinfecting foot wash the attending nurse prescribed. It is also clear that Petitioner is no
7  longer incarcerated at TCI, but, instead, has been transferred to a residential re-entry center in another
8  state for the remainder of his sentence. [1] Accordingly, unless Petitioner meets the capable-of-
9  repetition-yet-evading-review exception, the petition is moot.

10  In that regard, Petitioner cannot meet the second prong of that exception, i.e., that there is a
11  reasonable expectation that Petitioner will be subjected to the same challenged conduct, because he is
12  no longer subject to the medical treatment policies at TCI, even assuming that his medical condition—
13  the fungal infection of his foot—still persists as an active health issue for Petitioner. See Dilley, 64
14  F.3d at 1368. Moreover, there is no evidence that Petitioner seeks to be returned to TCI or that it is
15  likely that the BOP will return Petitioner to TCI. To the contrary, a petitioner's placement in an RRC
16  is normally prefatory to his complete release from BOP custody, a circumstance that underscores the
17  unlikelihood that Petitioner will ever return to TCI. Accordingly, the Court agrees with Respondent
18  that the petition is moot, and therefore that Respondent's motion to dismiss should be granted.

19  **RECOMMENDATION**

20  For the foregoing reasons, the Court RECOMMENDS that Respondent's Motion to Dismiss
21  the petition (Doc. 11), be GRANTED.

22  This Findings and Recommendations is submitted to the United States District Court Judge
23  assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local
24  Rules of Practice for the United States District Court, Eastern District of California. Within twenty
25  (20) days after being served with a copy of this Findings and Recommendations, any party may file

---

[1] Respondent's motion to dismiss indicates that Petitioner has been transferred to a residential re-entry center in Virginia, while the Court's own investigation, on the BOP "inmate locater" website, indicates that Petitioner is at a re-entry center in North Carolina. Regardless of the precise location at present of Petitioner, what is paramount is that he is no longer at TCI.

5

1  written objections with the Court and serve a copy on all parties.  Such a document should be
2  captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the
3  Objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after
4  service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28
5  U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time
6  may waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir.
7  1991).

10  IT IS SO ORDERED.

Dated:   **April 23, 2012**                              **/s/ Jennifer L. Thurston**
                                                                      UNITED STATES MAGISTRATE JUDGE